UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FISHER-PRICE, INC,
MATTEL, INC. and
GRAVITY, INC.

                                  Plaintiffs,

v.                                              **PROTECTIVE ORDER**
                                                                   05-CV-280S

EVENFLO COMPANY, INC.

                                  Defendant.

## PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26, and it appearing that discovery in the above-captioned Action will involve the disclosure of confidential information, it hereby is ordered that the following Protective Order be entered to give effect to the terms and conditions set forth below.

      1.      <u>Introduction and Scope</u>.  This Protective Order shall govern any and all manner and means of discovery, including entry onto land or premises, and inspection of books, records, documents and tangible things, furnished by any party or non-party, that the designating party believes in good faith contains any trade secret or other confidential research, development, marketing, technical or financial information that has not been made public, subject to protection under the Federal Rules of Civil Procedure or state law.

      2.      <u>Limitation of Protective Order</u>.  This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product immunity nor to preclude either party from seeking further

relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

3.      "Confidential" Information.  As a general guideline, "CONFIDENTIAL" information shall be material that the designating party believes in good faith contains any trade secret or other confidential research, development, technical, business or financial information that has not been made public.  Where the material at issue contains both confidential and non-confidential information, a party shall designate as "CONFIDENTIAL" only the specific passage(s), page(s) or portions(s) that the designating party believes in good faith contain the trade secret(s) or other confidential, research, development, technical, business or financial information that has not been made public. Absent a specific order by the Court, once designated as "CONFIDENTIAL," such information shall be used by the parties solely in connection with this present litigation between them, and not for any other purpose, including but not limited to any business, competitive, or governmental purpose or function, including patent prosecution, and such information shall not be disclosed to anyone except as provided herein.

4.      "Highly Confidential" Information.  Information designated as "HIGHLY CONFIDENTIAL" shall consist solely of information that qualifies as "CONFIDENTIAL" information, as defined in Paragraph 3 herein and; (a) pertains to products of the producing party that are under development and that have not been offered for sale or sold by the producing party, or (b) comprises business or financial information that the producing party reasonably deems particularly highly sensitive, such as, for example, business plans or forecasts, cost or pricing information, sales volume or revenue information, profit margin information, marketing plans or strategy, the identity of current

or potential customers or suppliers, or the like.  The foregoing categories are by way of example only and shall not limit the categories of information a party may designate "HIGHLY CONFIDENTIAL" under this Protective Order; provided, however, that any such designation must be made by the producing party in good faith and with reasonable justification.

   5. <u>Confidentiality of Party's Own Documents</u>.  This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information for any purpose, insofar as such confidentiality is reasonably maintained.  Such disclosure shall not waive the protection of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it.

   6. <u>Prior or Public Knowledge</u>.  Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information or material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that was obtained lawfully by such party independently of any proceedings in this action, or which:

    (a) was already known to such party by lawful means prior to acquisition from, or disclosure by, the other party in this action;

    (b) is or becomes publicly known through no fault or act of such party; or

    (c) is rightfully received by such party from a third party which has authority to provide such information or material without restriction as to disclosure.

   7. <u>Designation</u>.  The designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" for purposes of this Protective Order shall be made in the

following manner by the party or nonparty seeking protection, and shall further be consistent with any applicable Local Rule of the United States District Court for the Western District of New York:

(a) In the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony) by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to the passage(s), page(s) or portion(s) of any material containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information at the time such materials are produced, or as soon thereafter as the party or nonparty seeking protection becomes aware of the confidential nature of the information disclosed and sought to be protected hereunder. If such material was produced by a nonparty, any party seeking protection other than the producing nonparty must also provide written notice to all parties of the relevant document numbers or other reasonable identification of the relevant materials within fifteen (15) days of so designating the information;

(b) In the case of depositions, the deponent or his counsel, or any other counsel of record present at the deposition, may invoke on the record the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for all other parties that testimony about to be given, or a portion thereof, is deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The designating party shall have the right to exclude any person not entitled under this Protective Order to receive the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information. In addition, the parties shall treat as "HIGHLY CONFIDENTIAL" all depositions not previously designated hereunder as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" until the expiration of fifteen (15) days

after the receipt by counsel of the transcript of the deposition. Within the 15-day period, counsel for a designating party must provide written notice to counsel for all other parties and the court reporter by facsimile, with confirmation by mail, of the specific transcript passages or pages to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". Confidentiality is waived after the expiration of the 15-day period unless "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information is designated in writing as set forth in the preceding sentence. If any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is used during the course of a deposition, that portion of the deposition record reflecting such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall be stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order; and

   (c) In the case of hearing testimony or argument, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of information that should be kept "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," counsel may designate on the record prior to such disclosure that the disclosure is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," subject to review by the Court. Whenever matter designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is to be discussed in a hearing or other proceeding, the designating party shall have the right to exclude any person not entitled under this Protective Order to receive the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.

  8. <u>Access To "Confidential" Information</u>. Information designated as "CONFIDENTIAL," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise

communicated or made available in whole or in part only to the following persons. It is understood, however, that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of information designated as "CONFIDENTIAL" produced by the opposing party provided that such rendering of advice and opinions shall not directly or indirectly reveal the content of such information except by prior agreement with opposing counsel.

      (a)    Parties' outside counsel in this action and regular and temporary employees of such counsel to whom it is necessary that the information be shown for the purposes of this litigation as follows:

    i.    Robert J. Lane, Jr., Esq.
        Hodgson Russ LLP
        One M&T Plaza, Suite 2000
        Buffalo, NY  14203;

    ii.    William E. Wallace, III, Esq.
        Jay I. Alexander, Esq.
        James R. Hughes, Esq.
        Milbank, Tweed, Hadley & McCloy LLP
        International Square Building
        1825 Eye Street, N.W.
        Washington, D.C.  20006

    iii.    Michael R. McGee, Esq.
        McGee & Gelman
        200 Summer Street
        Buffalo, New York 14222

    iv.    John M. Mueller, Esq.
        Taft, Stettinius & Hollister LLP
        425 Walnut Street, Suite 1800
        Cincinnati, Ohio 45202

      (b)    In-house counsel for Fisher-Price and Evenflo, respectively, whose job responsibilities include advising their respective employers on patent-related litigation

and who do not engage in competitive decision-making for their respective employers, more specifically Dennis Wesolowski, Esq. for Fisher-Price and Thomas Sparno, Esq. for Evenflo.  In-house counsel are subject to Paragraph 13 herein.  Confidential Information may be shared by counsel for a party with said in-house counsel solely for the purpose of consultation relating to this present litigation with outside counsel designated in subparagraph (a), consultants designated in subparagraph (c) or a client representative designated in subparagraph (h).  Any documents containing Confidential Information may not be copied by said in-house counsel and must be kept in a location that is reasonably calculated to prevent disclosure of such information to unauthorized persons.  Once consultation has ceased, any documents containing such information must promptly be destroyed by said client representative or returned to outside counsel from whom the information was obtained.

  (c) Consultants as defined in Paragraph 11 herein and pursuant to the provision of Paragraph 12 herein;

  (d) The Court pursuant to Paragraphs 16 and 17 herein;

  (e) Court reporters employed in connection with this action;

  (f) Graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action, subject to and conditioned upon compliance with Paragraph 13 herein;

  (g) Non-technical jury or trial consulting services retained by counsel for a party, database managers and the like, subject to and conditioned upon compliance with Paragraph 13 herein;

(h)     One client representative in the area of product design/engineering after said client representative executes and signs the declaration attached hereto as Exhibit A.  Confidential Information may be shared by counsel for a party with said client representative solely for the purpose of consultation relating to this present litigation with outside counsel designated in subparagraph (a) in-house counsel designated in subparagraph (b) or consultants designated in subparagraph (c).  Any documents containing Confidential Information may not be copied by said client representative and must be kept in a location that is reasonably calculated to prevent disclosure of such information to unauthorized persons.  Once consultation has ceased, any documents containing such information must promptly be destroyed by said client representative or returned to outside counsel from whom the information was obtained.

(i)     Any other person only upon order of the Court or upon prior written consent of all parties, subject to and conditioned upon compliance with Paragraph 13 herein.

9.     <u>Access to "Highly Confidential" Information</u>.  Information designated as "HIGHLY CONFIDENTIAL" shall be used solely in connection with and for purposes of this litigation between the parties and shall not be disclosed to any person other than persons qualified under subparagraphs (a), (b), (c), (d), (e), (f), (g), and (i) of Paragraph 8, subject to and conditioned upon compliance with Paragraph 13 herein.   With respect to persons defined under subparagraph (b) of Paragraph 8 (in-house counsel), such in-house counsel may have access to Highly Confidential Information solely for the purpose of consultation relating to this present litigation with outside counsel designated in subparagraph (a) or consultants designated in subparagraph (c) of Paragraph 8.  Any

8

documents containing Highly Confidential Information may not be copied by in-house counsel and must be kept in a location that is reasonably calculated to prevent disclosure of such information to unauthorized persons.  Once consultation has ceased, any documents containing such information must promptly be destroyed by said in-house counsel or returned to outside counsel from whom the information was obtained.  It is understood, however, that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of information designated as "HIGHLY CONFIDENTIAL" produced by the opposing party provided that such rendering of advice and opinions shall not directly or indirectly reveal the content of such information except by prior agreement with opposing counsel.

10. <u>Custody of Designated Materials</u>.  All "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" materials and information covered by this Protective Order shall be kept in secure facilities at the offices of persons permitted to see such materials and information as set forth in Paragraphs 8 and 9 of this Protective Order.

11. <u>Consultant Defined</u>.  For purposes of Paragraph 8(c) herein, a consultant shall be defined as a person, and his or her secretarial assistants to whom it is necessary to disclose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information for the purposes of this litigation, who is neither an employee of a party nor anticipated to become an employee, and who is retained solely as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party.

12. <u>Procedure For Consultant Access To Confidential Information</u>.  The procedure for having a consultant approved for access to information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be as follows:

(a) The party seeking to have a consultant, as defined in Paragraph 11 herein, approved shall send counsel for all other parties by electronic transmission or facsimile: (i) a current resume or curriculum vitae of such person, which shall include such person's name, office and residence addresses; a description of any past or present relationship with any of the parties in this action; an identification of cases and clients on behalf of whom such person has consulted, provided affidavits or declarations, or testified in deposition or trial in the preceding four years; and a description of other past and present employers and persons or entities with whom the consultant has been engaged in any non-confidential consulting relationships in the last ten years; and (ii) a copy of a completed and signed declaration attached hereto as Exhibit A.

(b) Within ten (10) days after transmission of the information and signed undertaking described in subparagraph (a) by the party seeking approval, the other party may object to the person proposed for approval if facts available to that party give it reason to believe that there is a reasonable likelihood that the designated person may, even inadvertently, use information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" for purposes other than the preparation or trial of this case, or request further information concerning the expert in order to decide whether to object.  Said objection or request must be in writing and transmitted by facsimile or email to the party proposing the consultant within the 10-day period.  A written objection made under this paragraph shall state with reasonable particularity that grounds upon which the objection is based.  Failure to object or to request further information within ten (10) days to a person proposed shall be deemed approval, but shall not preclude a party from objecting to continued access of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information by

that person where facts suggesting a basis for objection are subsequently learned by the party or its counsel.  Neither party seeking to have a consultant shall disclose any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to the proposed consultant until (i) after any and all objections to the proposed disclosure have been resolved by the parties in writing or by Court order, or (ii) if no objections have been made during the ten (10) day period to object, until eleven (11) days after the transmission of the information and signed declaration described in subparagraph (a) by the party seeking approval.

    (c) If the other party so objects, the parties shall, within five (5) days from the date of receipt of the objection or request, confer and attempt to resolve the dispute.  At that conference the objecting party shall inform the party requesting approval of its reasons for objecting to the proposed consultant or for seeking further information.  If the parties cannot resolve the dispute, or if the conference does not take place, disclosure of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information may not be made except by order of the Court.  The parties agree that the briefing and submission of the issue to the Court will be conducted on an expedited basis.

  13. <u>Procedure For Access To Confidential Information Other Than By Consultants</u>.  All persons listed in Paragraphs 8(f), 8(g), and 8(i) above may be given access to information designated as "CONFIDENTIAL", provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of the declaration attached hereto as Exhibit A.  Similarly, all persons listed in Paragraphs 8(b), 8(f), 8(g), and 8(i) may be given access to information designated as "HIGHLY CONFIDENTIAL," provided that they first conform

their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of the declaration attached hereto as Exhibit A.

14. <u>Use By Witness Who Received Or Authored</u>.  Notwithstanding Paragraphs 8 and 9 herein any person may be examined as a witness at trial or during a deposition concerning any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" which that person had authored or been clearly identified as an addressee or copy recipient prior to and apart from this action.  In addition, regardless of a designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such person insofar as counsel does not reveal any portion of the document or testimony other than that which specifically refers to such conduct or statement.

15. <u>Challenge To Confidentiality Designation/Protective Order</u>.  If, at any time during the pendency or trial of this action, any party claims that a designating party is unreasonably claiming certain information produced herein to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the objecting party may challenge the propriety of any designation.  A challenge may be made by serving on counsel for all parties a captioned notice of objection, which shall identify with reasonable particularity the items as to which the designation is challenged, state the basis for each challenge and propose a new designation for each item.  The challenge must specifically state that the designating party has seven (7) business days to respond to the challenge.  The challenged material shall be deemed redesignated as proposed unless within seven (7) business days after service

the designating party serves an opposing notice to maintain the original designation or to designate the material otherwise. If the party challenging the designations remains dissatisfied, it may make an appropriate motion to the Court, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided, and shall submit to chambers for *in camera* review a copy of the challenged documents. Failure to make a motion to the Court within ten (10) business days after service of said opposing notice shall constitute a waiver of the objection. In such a motion, the designating party shall have the burden of proving that good cause exists for affording the challenged material or information protection as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material or information. Unless a longer period is ordered by this Court, the original designations shall remain effective until ten (10) days after entry of an order redesignating the materials. If any proceeding for appellate review is filed within the ten (10) day period, the original designation will remain in effect until the further order of the appellate court.

16. <u>Filing Confidential Information</u>. To the extent that a party or nonparty believes it necessary to file "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information with the Court, that party or nonparty shall submit to chambers a motion to file such information under seal.

17. <u>Use of Confidential Information In Court Proceedings</u>. In the event that any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" hereunder is used in any court proceeding in this action or any appeal therefrom, such information shall not lose its status as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" through such use,

unless the Court rules otherwise. Counsel for the parties shall confer on such procedures as are necessary to protect the confidentiality of any information used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order.

      18.    <u>Counsel Bound By Protective Order</u>.  All counsel for the parties who have access to information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Protective Order, including in-house counsel qualified to have access to "CONFIDENTIAL" information under paragraph 8(b) herein, are bound by this Order.

      19.    <u>No Prejudice</u>.  Entering into, agreeing to, and/or producing or receiving information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or otherwise complying with the terms of this Protective Order shall not:

      (a)    Operate as an admission by any party that any particular information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information;

      (b)    Operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL";

      (c)    Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

(d) Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

(e) Prejudice in any way the rights of a party to seek a determination by the Court whether any information should be subject to the terms of this Protective Order;

(f) Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information; or

(g) Prejudice in any way the rights of a party to make a separate application to the Court that information of proprietary or competitive value, but which is not specifically included in the categories of "HIGHLY CONFIDENTIAL" information itemized in Paragraph 4 above, should be properly designated "HIGHLY CONFIDENTIAL."

20. <u>Inadvertent Production of Confidential Information</u>. If a party inadvertently produces "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information without marking it as such, it may be disclosed to others until the receiving party becomes aware of the error, unless it appears from the face of the document that it contains non-public, confidential, proprietary, commercially sensitive, or trade secret information of the producing party. As soon as the receiving party becomes aware of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraphs 8 and 9 above, as well as any copies made by such persons.

21.  Modification by Stipulation.  This Protective Order may be modified, and any matter related to it may be resolved by written stipulation of the parties upon entry of such stipulation as an Order of the Court.

22.  Final Disposition.  The provisions of this Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom.  Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons having received information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" hereunder shall return such information and all copies thereof (including summaries and excerpts) to counsel for the producing party, or shall certify destruction thereof.  Counsel described in Paragraph 8(a) herein shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including court papers, transcripts, and attorney work product that contain information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") provided that such counsel, and employees of such counsel, shall not disclose any such information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to court order or a written agreement with the producing party of the information.  All "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

24.  Subpoena of Confidential Information in Another Action.  If any party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it

is a party, or (c) is served with any other legal process by one not a party to this action, seeking information which was designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by someone other than that party, the party shall give prompt actual written notice, by hand or facsimile transmission, within five (5) days of receipt of such subpoena, demand or legal process, to those who designated the information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and shall object to its production to the extent permitted by law.  Should the person seeking access to the information take action against the party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the party shall respond by setting forth the existence of this Protective Order.  Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.


SO ORDERED.


DATED:  February 24, 2006
         Buffalo, New York


                              Hon. William M. Skretny
                              Hon. William M. Skretny
                              United States District Judge